UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| THEODORE F. LEE,<br><br>　　　　　　　　　　　Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Defendant. | Case No. 2:13-cv-00483-JAD-PAL<br><br>ORDER AND ORDER TO SHOW CAUSE<br><br>(Mot Cont Stay – Dkt. #62) |

　　　Before the court is Plaintiff Theodore Lee's Motion to Continue to Stay the Proceedings Until a Civil Income Tax Refund Action can be Filed for 2006 (Dkt. #62). The court has considered the Motion, Memorandum in Support (Dkt. #63), Declaration of Edward O.C. Ord in Support (Dkt. #64), the government's Opposition (Dkt. #65), and Lee's Reply (Dkt. #67).

**BACKGROUND**

　　　This is one of three cases filed in this district relating to Lee's 2006 tax liability. The government filed the first action, Case No. 2:12-cv-1994-GMN-PAL, to enforce an IRS summons served on Lee June 7, 2012. *See* Petition to Enforce (Dkt. #1). This is the second-filed action, and involves a Complaint (Dkt. #1) against the United States to quash a Formal Document Request ("FDR") dated May 31, 2012. The Complaint was initially filed in the Northern District of California because counsel for Lee accepted service of the FDR in San Francisco, California. However, the case was transferred to this district where Lee resides. The third action, *Lee v. United States*, 2:14-cv-00606-RCJ-PAL, was filed April 21, 2014, and is a complaint to recover a tax refund for the 2006 tax year.

　　　The government moved to dismiss its petition to enforce the IRS summons in Case No. 2:12-cv-1994-GMN-PAL because the parties resolved their disputes about the documents the government sought, and the government was ultimately satisfied that Lee had complied with the

1

1  summons. Lee opposed the government's motion to dismiss, arguing the action should be
2  maintained so that he could challenge the government's ability to use any of the testimony and
3  documents it obtained by summons and FDR in a tax refund case he intended to file. On
4  November 20, 2014, the district judge granted the government's motion to dismiss its petition to
5  enforce over Lee's objection and denied Lee's Motion to Stay (Dkt. #45) and Motion to Strike
6  (Dkt. #55) as moot. *See* Order and Clerk's Judgment (Dkt. ## 61, 62).

7  Lee filed this action challenging the IRS's authority to issue a FDR at the same time it
8  was pursuing a petition to enforce its summons for the same documents. Counsel for Lee and
9  counsel for the government negotiated about the documents Lee would produce in response to
10 the summons and FDR, Lee produced documents, and the government is satisfied Lee has
11 complied with both the summons and FDR. However, Lee's Motion to Stay (Dkt. #62) requests
12 a stay until Lee could file his tax refund case. He also seeks consolidation of all three cases
13 before one judge to decide "these inextricably intertwined" cases and issues in one proceeding.
14 Motion at 2:3-4.

15 The United States opposed the stay and consolidation of all three actions, acknowledging
16 that the factual and legal issues of this case and the first-filed action (Case No. 2:12-cv-1994-
17 GMN-PAL) are the same and that they are related cases. The United States objects to
18 consolidating this case with the tax refund case, arguing the two cases do not involve common
19 factual or legal issues. The issue in this case is whether the IRS issued the FDR in good faith.
20 The issue in the tax refund case (Case No. 2:14-cv-00606-RCJ-PAL) is whether the Lee overpaid
21 his taxes in 2006. The United States also maintains that the instant case is now moot because
22 Lee complied with the FDR, and there is no longer a justiciable claim for the court to adjudicate.

23 Lee argues he may maintain this action, notwithstanding his compliance with the FDR so
24 that he can prevent the government from using documents obtained by summons and the FDR
25 against him in the tax refund case.

26 **DISCUSSION**

27 The United States' Petition to Enforce Summons in Case No. 2:12-cv-1994-GMN-PAL
28 has now been dismissed, the district judge having found that because Lee complied with the IRS

summons, "there is nothing further to prosecute," and dismissal of that case was appropriate. It is undisputed that Lee complied with the FDR he challenges in this action. He seeks to maintain this action and consolidate it with the tax refund case to challenge the ability of the government to use testimony and documents he provided in response to the summons and FDR. However, for the same reason the district judge dismissed the first filed action, it appears that since this action was filed to quash the FDR, and Lee has now complied with the FDR, there is nothing further to prosecute in this action  Accordingly,

**IT IS ORDERED**:

1. Lee's Motion to Continue to Stay the Proceedings Until Civil Income Tax Refund Action Can be Filed for 2006 (Dkt. #62) is **DENIED as MOOT,** Lee having filed a complaint for a tax refund**.**
2. Lee's request to consolidate this action with the tax refund action is **DENIED**.
3. Lee shall have until **December 30, 2014**, in which to show cause why this action should not be dismissed, as the action was instituted to quash a Formal Document Request, and Lee has now complied with that request.
4. The United States shall have until **January 14, 2015**, in which to file a responsive memorandum.
5. Lee shall have until **January 21, 2015**, to file a reply to the government's response.

DATED this 1st day of December, 2014.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE