UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THEODORE F. LEE, | Case No. 2:13-cv-00483-JAD-PAL |
| Plaintiff, | REPORT OF FINDINGS AND RECOMMENDATION |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendants. | |

Before the court is Plaintiff Theodore Lee's legal Memorandum to Show Cause Why this Civil Action Should not be Dismissed as Moot (Dkt. #70). The court has considered the memorandum, the United States' Opposition (Dkt. #71), and Lee's Reply (Dkt. #72), which was referred to the undersigned for a report of findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. These memoranda were filed in response to an Order to Show Cause (Dkt. #69) I entered December 1, 2014, requiring Lee to show cause why this civil action should not be dismissed.

## BACKGROUND

This is one of three cases filed in this district relating to Lee's 2006 tax liability. The government filed the first action, *United States v. Lee*, Case No. 2:12-cv-1994-GMN-PAL ("summons enforcement action"), to enforce an Internal Revenue Service ("IRS") summons served on Lee June 7, 2012. *See* Petition to Enforce (Dkt. #1). The above-captioned case is the second-filed action and involves a Complaint (Dkt. #1) against the United States to quash a Formal Document Request ("FDR") dated May 31, 2012. Lee initially filed this case (hereinafter, "FDR dispute action") in the Northern District of California because counsel for Lee accepted service of the FDR in San Francisco, California. However, the FDR dispute action was transferred to the District of Nevada where Lee resides. On April 21, 2014, Lee filed the

third action, *Lee v. United States*, 2:14-cv-00606-RCJ-PAL ("tax refund case"), with a complaint to recover a tax refund for the 2006 tax year.

## I.     THE COMPLAINT

Lee filed the Complaint (Dkt. #1) in this FDR dispute action August 29, 2012, in the Northern District of California.   An Amended Complaint (Dkt. #3) was filed September 19, 2012.   It was reassigned to the San Francisco division on October 5, 2012 (Dkt. #6).   The Amended Complaint seeks to quash an FDR dated May 31, 2012, and issued and mailed by the United States.   Amended Complaint (Dkt. #3) ¶ 2.   Edward Ord, counsel for Lee and his duly appointed representative, accepted service of the FDR.   *Id.* ¶¶ 5, 6.   The Amended Complaint alleges that on March 6, 2012, the IRS issued an administrative summons to Mr. Lee to appear in San Francisco, California.   *Id.* ¶ 10.   On April 26, 2012, the IRS issued another administrative summons to Mr. Lee to appear in Las Vegas, Nevada on May 25, 2012.   *Id.* ¶ 11.   On June 5, 2012, the IRS issued another administrative summons to Lee to appear in Las Vegas, Nevada, on June 21, 2012.   *Id.* ¶ 12.

IRS summons are enforceable in U.S. District Court by orders and use of its contempt power.   *Id.* ¶ 13.   The IRS summons basically covered the same record production sought by the FDR.   *Id.* ¶ 14.   "The United States cannot issue IRS summons for testimony and records and then issue FDR for the same records seeking to suppress the records sought by the IRS administrative summons and seek testimony.   These remedies are mutually exclusive."   *Id.* ¶ 15. Issuance of the FDR in these circumstances is unreasonable; issued in bad faith; reflects adversely upon the good-faith nature of the examination; is not relevant to the 2006 tax year; is beyond the authority of and scope of 26 U.S.C. § 982; fails to explain why already produced documents are not sufficient; reasonable cause exists for non-production; and Lee substantially complied with the FDR.   *Id.* ¶ 16.   The Amended Complaint then outlines what Lee claims are specific facts and defenses to the FDR item by item using the same labels and outline used in the FDR attached to the Amended Complaint.   *Id.* ¶ 22.

The Amended Complaint alleges that the United States investigated and audited Lee for the years 2000 through 2005.   *Id.* ¶ 23.   He fully cooperated in the audit investigation and

produced records and interviews for those years.  *Id.* ¶ 24.   The balance of the Amended Complaint generally alleges category by category of the documents requested by the IRS that Lee had either produced the documents, did not have them, did not have control over or authority to obtain them, or that the IRS had already obtained them by other means.   Lee also alleges that with respect to some of the requests, it was unreasonable for the IRS to demand information that was not limited to 2006, the year of examination.

The prayer for relief requests orders: (1) quashing the FDR; (2) a temporary restraining order, preliminary and permanent injunctions barring enforcement of the FDR "at least until after the litigation of the factual issues raised in this civil action are complete, and the Court has rendered decision"; (3) requiring the United States to inventory and produce copies of all the records stated in the FDR that the United States obtained through its own activities; (4) requiring the United States to provide a separate annotated inventory of records produced by Mr. Lee and/or third parties, and production of records for 2000–2005, and separately for 2006 in an indexed identifiable form; (5) requiring the United States to provide a detailed explanation of records Mr. Lee has not produced that are necessary to be produced to determine the 2006 income tax liability and related recording requirements; (6) requiring the United States to provide a detailed explanation for each demanded record, why the records previously provided by Mr. Lee are demanded again, why the records are not sufficient, and why the records are relevant or material to Lee's 2006 tax liability; (7) granting Lee reasonable time to obtain the records that this Court determines he is required to produce under the FDR; (8) requiring the United States to cooperate in seeking demanded records the Court determines he must produce; (9) an award of legal fees and costs both on the administrative level and in this court; and (10) any other relief in law or in equity the court deems appropriate.

## II.   THE UNITED STATES' RESPONSE

The United States responded to the Amended Complaint by filing a Motion for Partial Dismissal (Dkt. #8) on October 22, 2012.   After the motion was briefed, the assigned district judge in the Northern District of California, San Francisco Division, The Honorable Jeffrey S. White entered an Order (Dkt. #36) on March 18, 2013, granting the United States' request to

transfer this case to the District of Nevada pursuant to 28 U.S.C. § 1406(a) in the interests of justice.

### III.   THE TRANSFER ORDER

Judge White found that the court had subject matter jurisdiction over the action pursuant to 26 U.S.C. § 982(c)(2)(B).   However, he found that Lee had not established that he was "found" within the Northern District of California.   He applied § 7609(h), which provides "the United States District Court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any proceeding" to quash the summons.   The only evidence Lee presented that he was "found" in the Northern District of California was the fact: (1) he authorized his attorney with power of attorney under IRS Form 2848 to accept service on his behalf; and (2) his attorney was located in the Northern District of California.   The court found that neither of these facts was relevant to a determination whether Lee himself was found in the district.   Because both Lee and the United States agreed that the FDR dispute action could have been filed in Nevada, the matter was transferred to the District of Nevada.

### IV.   PROCEEDINGS IN THIS DISTRICT

After the FDR dispute action was transferred and the file received, I set the matter for a scheduling conference on May 21, 2013.   *See* Minutes of Proceedings (Dkt. #45).   At the initial scheduling conference, counsel for both sides advised the court that they were close to resolving the case and had only one issue remaining to resolve.   The court therefore directed counsel to file a proposed stipulation to dismiss no later than June 24, 2013, if they were able to resolve their dispute, or a joint status report detailing their respective positions on any disputed issues that required judicial intervention no later than June 24, 2013.   *Id.*

The parties submitted a Joint Status Report (Dkt. #46) in this FDR dispute action on June 24, 2013, with a proposed stipulation to stay proceedings.   The Joint Status Report related that the IRS had issued an administrative summons to Lee on June 5, 2012, seeking virtually identical items as the FDR and other items, and that the United States had filed a petition for an order to show cause in the summons enforcement action.   District Judge Gloria M. Navarro entered a notice of hearing and order to show cause in the summons enforcement action on December 19,

2012.  Lee had produced a large number of documents and the United States still had several issues with his production and requested that Lee appear for an interview as required by the summons.  The parties agreed that the interview would take place in July.  Judge Navarro continued the order to show cause hearing in the summons enforcement action until August 13, 2013, to allow Lee to produce any additional responsive documents and appear for the required interview.

The parties' Joint Status Report (Dkt. #46) stated that the document requests at issue in this FDR dispute action "are nearly identical to the items sought in the summons enforcement action" and that "resolution of the remaining issues in the order to show cause proceedings will likely resolve all document production issues in this matter."  The parties therefore requested that the court stay this case until after the August 13, 2013 continued hearing on the order to show cause in the summons enforcement action.

I granted the parties' request and entered an order staying these proceedings and requiring the parties to file a joint status report on or before August 27, 2013, in the event they were unable to resolve their dispute and stipulate to dismiss this FDR dispute action.  *See* Order (Dkt. #49).  The parties continued to attempt to resolve their dispute without the court's intervention and submitted status reports at 60-day intervals from August 14, 2013, through March 7, 2014.  *See* (Dkt. ##53, 55, 57, 59, 61).  The final Joint Status Report (Dkt. #61) indicated that the parties had been "unable to agree on the wording for a stipulation for dismissal" and that Lee would be filing a motion within the next thirty days.  The parties jointly requested "that the Court continue to refrain from taking any action in this case until Lee files his motion and the United States file [*sic*] any potential response."  *Id.*

On March 24, 2014, Lee filed a motion to continue the stay of proceedings in this FDR dispute action until he could file a civil action for income tax refund for 2006 (Dkt. #62).  The motion requested that the court consolidate his as yet unfiled tax refund case with this FDR dispute action and the summons enforcement action on the grounds all three civil actions could be decided together "as they will be inextricably intertwined."  Shortly thereafter, on April 21, 2014, Lee initiated the tax refund case to recover a tax refund for the 2006 tax year.

## V.    THE ORDER TO SHOW CAUSE

In an Order and Order to Show Cause (Dkt. #69) entered December 1, 2014, in this FDR dispute action, I denied Lee's motion to stay and request to consolidate with the summons enforcement action and the tax refund case, which Lee had filed by this time.  I also directed that the parties show cause why this FDR dispute action should not be dismissed.  *See* Order and Order to Show Cause (Dkt. #69) at 3.  At the time this order to show cause was entered, Judge Navarro had dismissed the summons enforcement action, on November 20, 2014, granting the government's motion to dismiss and denying Lee's motion to stay.  *See* Order and Clerk's Judgment (Dkt. ##61, 62) in Case No. 2:12-cv-01994-GMN-PAL.  Judge Navarro found that because the parties had resolved their disputes about the documents the government sought and the government was satisfied that Lee had complied with the summons, "there is nothing further to prosecute." *Id.*  Therefore, dismissal of the case was appropriate. *Id.*

Because this FDR dispute action was filed to quash the FDR, which the parties had stipulated involved nearly identical document requests to those sought in the summons enforcement action, and Lee had complied with the FDR, I required Lee to show cause why this case should not be dismissed for the same reasons Judge Navarro dismissed the summons enforcement action.

### A.    Lee's Response

In his Response (Dkt. #70), Lee states he filed this action to contest the issuance of the FDR under 26 U.S.C. § 982 for the same records requested in the summons enforcement action and "raised discreet statutorily defined defenses to the issuance and use of the § 982 process." He claims he was required to file this civil action because if a taxpayer does not file a civil action within 90 days of the FDR's issuance, he is barred from contesting the issuance and use of two administrative processes by § 982(c)(2)(A).  Lee claims he involuntarily complied with both administrative processes at the same time and under the duress of the civil action to enforce the summons already filed by the United States.  He contends he involuntarily complied "subject to strong, clear, and documented continuing protests, legal objections and defenses to both of the issuance and use of these two administrative processes simultaneously and separately."

Lee points out that he filed a motion for reconsideration of Judge Navarro's order dismissing the summons enforcement action on December 19, 2014, which has not yet been decided.

Lee seeks to preserve his arguments about the use, exclusion and/or suppression of evidence obtained in this FDR dispute action and the summons enforcement action because it will effect a case pending in the U.S. Tax Court, *Lee v. Comm'r*, 15550-12 L, which involves income tax years 2000 to 2005, and the 2006 tax refund case he filed in this district.

Lee maintains the fact that he "involuntarily complied" with the FDR subject to strong objection does not render this case moot as a matter of law.  He was required to file this FDR dispute action within 90 days or be "forever barred from contesting the § 982 [FDR] issuance and use of the evidence or refuse to produce."  Citing § 982(c)(2)(A), he argues that if he did not provide the records, the evidence called for by the FDR would be suppressed in any subsequent proceeding.  This case is not moot because there is still a controversy about whether the FDR was lawfully issued, whether the evidence can be used by the United States in the future, and whether any other records not provided will be suppressed in any subsequent proceeding.  He maintains that if the court dismisses this case, he "will be deprived of being able to litigate these issues and to exclude the evidence in the tax refund case for 2006, and the U.S. Tax Court case, or when the tax court case is dismissed, in a refund suit for years 2002 to 2005 to block the use of the evidence" by the United States.  He therefore asks that the court reassign this FDR dispute action to District Judge Robert C. Jones, who has been assigned to the tax refund case.  He suggests that this will allow Judge Jones to "decide how these two cases can proceed including the exclusion and suppression of the evidence obtained."

**B.    The United States' Response**

In its Response (Dkt. #71), the government states that this FDR dispute action was filed in connection with an examination of Lee's 2006 federal income tax return (Form 1040).  Some of the issues raised in the examination pertained to foreign-based documentation that Lee had failed to produce after the IRS used "the normal request procedures."  The IRS issued an FDR to Lee pursuant to 26 U.S.C. § 982, which Congress enacted as a pretrial discovery tool to

discourage taxpayers from delaying or refusing disclosure of certain foreign-based information to the IRS.  He failed to comply with the FDR and filed this case to quash the FDR.

The parties stipulated to stay this FDR dispute action agreeing that it is related to the summons enforcement action brought by the United States.  The parties worked together and the United States claims that Lee voluntarily worked towards complying with the FDR and IRS summons even though he filed this petition seeking to quash the FDR, and filed an opposition to the IRS's summons petition.  The United States maintains that Lee voluntarily complied with the document requests in both actions.  Counsel for the United States notified counsel for Lee on January 31, 2014, that the United States believed Lee had finally complied and that the two actions could be dismissed.  The parties filed multiple joint status reports with this court, but were ultimately unable to agree on the wording for a stipulation to dismiss.  The United States contends that Lee has no valid argument why this FDR dispute action should not be dismissed as he has voluntarily complied with the FDR instead of going forward with his Amended Complaint and requesting that the court rule on his objections to the FDR.

The United States argues that the legal issues in this FDR dispute action and the summons enforcement action are the same.  When served with an FDR a taxpayer has the same choice as he has with respect to an IRS summons with two important differences.  First, if a taxpayer does not choose to comply with the FDR, the IRS cannot maintain a petition to enforce it.  The downside to the taxpayer is that if the taxpayer has any responsive documents he does not produce, the taxpayer will be precluded from introducing the documents in any subsequent civil proceeding.  Second, unlike a summons, the taxpayer has the right to bring a petition to quash the FDR within 90 days after it is mailed to him.  A petition to quash protects a taxpayer's due process rights by affording the taxpayer an opportunity to challenge the FDR if the taxpayer believes the IRS acted in bad faith or is abusing process.

In this FDR dispute action, Lee voluntarily complied with the FDR and has represented that he has no further responsive documents.  As such, the United States argues Lee has waived any rights to challenge the FDR.  Because there is nothing further for this court to do, it lacks jurisdiction and the FDR dispute action should be dismissed.

The government also argues that it would be incredibly unfair to the United States to reward Lee for misleading the United States and the court into believing that Lee wanted to comply causing the United States to agree to multiple continuances that delayed a ruling on the FDR for well over a year.  If Lee truly believed the FDR was issued in bad faith and that the government was abusing the court's process, he would have insisted on having the court determine the propriety of the FDR first.  The government suggests that it is improper gamesmanship for Lee to voluntarily comply by producing documents and only after the United States agreed he had complied, change his position and argue the court should still determine the propriety of the FDR.

The United States also asserts that Petitioner's 2000–2005 tax liabilities are irrelevant to this action.  Lee failed to file a petition in the United States Tax Court challenging the IRS's statutory notice of deficiency that proposed additional tax penalties for those tax years, and the time for filing a petition has run.  The Tax Court case Lee mentions in his response to the order to show cause involves the IRS Office of Appeals' decision sustaining the filing of a notice of federal tax lien and proposed tax levy action.  The Tax Court case involves a challenge to the collection actions of the IRS in attempting to collect Lee's 2000-2005 federal income tax liabilities and does not involve a challenge to the merits of the additional tax and penalties for those tax years.  Finally, the United States continues to oppose Lee's request to consolidate this case with his tax refund case and/or an "unfiled purported 2000-2005 tax refund action."

### C.    Lee's Reply

In his Reply (Dkt. #72), Lee reiterates arguments this FDR dispute action should be consolidated with his tax refund case because issues about the destruction and/or return of records obtained, and suppression of compelled testimony and other derived leads are involved in both cases.  Lee disputes that he mislead the court and maintains that he tried to resolve this matter amicably.  However, the United States would not agree that the issues in this FDR dispute action can be raised later in the tax refund case.  The United States has taken the position that once this FDR dispute action is dismissed, Lee has forever waived any of his protests and objections.  This is an unreasonable position that will enable the United States "to have its cake

and eat it too."  Lee claims that the United States is trying to obtain evidence under compelled process, then use the illegally obtained evidence, suppress evidence not produced, and declare the matter moot.  This is fundamentally unfair and prejudicial and violates Lee's due process rights.  Citing *Church of Scientology of California v. United States*, 506 U.S. 9, 12, 17 (1992), Lee argues this FDR dispute action is not moot because the court continues to retain the power to order the destruction of or return of records and suppression of derived leads.

Lee claims he was a "draftee and not a volunteer."  He involuntarily complied with the summons in the past because the United States issued a summons, and brought the summons enforcement action.  His continuing objections and protests establish that he is not a volunteer.  He also objected and protested to the § 982 FDR "and sued to void it!"  Citing *Clark v. City of Los Angeles*, 650 F.2d 1033, 1038 (9th Cir. 1981), Lee argues that compliance subject to objections and protests does not constitute a waiver of the objection, is not voluntary, and does not moot the controversy.

Lee claims that he has a due process right and First Amendment right to petition his government for perceived grievances, to avoid suppression of records not produced, and to object to the future possession and use of the records the IRS obtained, and to require the destruction or return of the records.  Lee argues that courts encourage production of records subject to objection and protest.  The United States has not filed an answer to the Amended Complaint in this FDR dispute action.  There is no record in this FDR dispute action of exactly what was turned over, what records were not turned over, and why records not turned over were not produced.  There is also no record or determination that any records not produced are or are not subject to suppression.  As a result, this FDR dispute action "is brimming with controversy" and Lee is entitled to a trial on the merits preferably before Judge Jones who will decide the 2006 tax refund action.  Lee maintains that dismissal of this case would violate his due process rights.

## DISCUSSION

### I.   APPLICABLE LAW

Lee filed this FDR dispute action to quash the IRS's formal document request ("FDR"), which sought foreign-based documentation the IRS claimed was relevant to its investigation of

Lee's 2006 tax return.  In enacting 26 U.S.C. § 6201(a), Congress "authorized and required" the IRS "to make the inquiries, determinations and assessments of all taxes" the Internal Revenue Code imposes.  *United States v. Clarke*, 573 U.S. --, 134 S.Ct. 2361, 2365 (2014).  Section 982(c)(1) authorizes the IRS to issue an FDR to any taxpayer to request foreign-based documentation.  An FDR is defined as "any request (made after the normal request procedures have failed to produce the requested documentation) for the production of foreign-based documentation which is mailed by registered or certified mail to the taxpayer at his last known address." § 982(c)(1).

The FDR must set forth: (1) the time and place for the production of the documentation; (2) a statement of the reason the documentation previously produced (if any) was not sufficient; (3) a description of the documentation being sought; and (4) the consequences to the taxpayer of the failure to produce the documentation described.  § 982(c)(1)(A–D).  A person to whom an FDR is mailed has the right to bring a proceeding to quash the FDR within 90 days after the request was mailed, and in such a proceeding, the IRS may seek to compel compliance with the FDR.  § 982(c)(2)(A).  If the taxpayer fails to substantially comply with an FDR within 90 days after mailing "on motion by the Secretary, any court having jurisdiction of a civil proceeding in which the tax treatment of the examined item is an issue shall prohibit the introduction by the taxpayer of any foreign-based documentation covered by such request." § 982(a).  However, a taxpayer is not prohibited from introducing foreign-based documentation covered by an FDR he does not produce "if the taxpayer establishes that the failure to provide the documentation as requested by the Secretary is due to reasonable cause." § 982(b)(1).

An FDR supplements the IRS's administrative summons authority.  *Chris-Marine USA, Inc. v. United States*, 892 F. Supp. 1437, 1442 (M.D. Fla. 1995).  Section 982 was enacted as a pretrial discovery tool "to discourage taxpayers from delaying or refusing disclosure of certain foreign-based information to the IRS." *Yujuico v. United States*, 818 F. Supp. 285, 286 (N.D. Cal. 1993) (citing H.R. Rept. No. 97-760 (1982) (Conf. Rep.), *reprinted in* 1982 U.S.C.C.A.N. 781, 1363.

/ / /

Although there are few published decisions discussing the standard for enforcing an FDR, the legislative history of § 982 contains the same four requirements for enforcement the Supreme Court established in *United States v. Powell*, 379 U.S. 48 (1964), for enforcement of an IRS summons.  *See* Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. No. 97-248 (codified at 26 U.S.C. § 982).  Thus, the court in *Yujuico* concluded that "[t]he standards for enforcement of an IRS summons and an FDR are the same."  818 F. Supp. at 287 (citing *Int'l Marketing, Ltd. v. United States*, 90-2, U.S. Tax. Cas. (CCH) P50, 476, 1990 U.S. Dist. Lexis 14710, at *4 (N.D. Cal. 1990)).  In order to obtain enforcement of an FDR from the court, the United States must demonstrate that the requirements for enforcement of a summons have been met. *Id.*

In *United States v. Powell* the Supreme Court held that to enforce an IRS summons, the United States must show: (1) that there is a legitimate purpose for the investigation; (2) that the material sought is relevant to that purpose; (3) that the material sought is not already within the IRS's possession; and (4) that those administrative steps which are required by the Internal Revenue Code have been taken.  379 U.S. at 57–58.  Once the government establishes its prima facie case, the person challenging the summons bears the heavy burden of proving that enforcement of the summons would be an abuse of the court's process.  *Id.* at 58.  The Ninth Circuit has held that the government's burden is "a slight one" and is typically satisfied by the introduction of the sworn declaration of the revenue agent who issued the summons that the *Powell* requirements have been met.  *United States v. Dynavac, Inc.*, 6 F.3d 1407, 1414 (9th Cir. 1993).  The government is entitled to enforcement of the summons unless the person challenging the summons can demonstrate that it was issued for an improper purpose, or was otherwise deficient.  *United States v. LaSalle National Bank*, 437 U.S. 298, 318 (1978).

In *United States v. Clarke*, 573 U.S. --, 134 S.Ct. at 2365, the Supreme Court recently reaffirmed that a person receiving an IRS summons is entitled to contest it in an adversarial proceeding.  The IRS affidavit supporting issuance of the summons may be challenged on any appropriate ground.  *Id.*  By the same token, the Supreme Court has "emphasized that summons enforcement proceedings are to be 'summary in nature.'"  *Id.* at 2367.  The summons procedure

is an investigatory tool designed to inquire, but not accuse.  *Id.*  It is a "crucial backstop in a tax system based on self-reporting."  *Id.*  Thus, in a judicial proceeding challenging an IRS enforcement action "courts may ask only whether the IRS issued a summons in good faith" and must avoid overseeing the IRS's determination to investigate.  *Id.* (internal citations and quotations omitted).

A taxpayer challenging a summons validity in an adversarial judicial proceeding "is entitled to examine an IRS agent when he can point to specific facts or circumstances plausibly raising an inference of bad faith."  *Id.*  Naked allegations are insufficient, and the taxpayer "must offer some credible evidence supporting his charge," although "circumstantial evidence can suffice to meet that burden."  *Id.*  "The taxpayer need only make a showing of facts that give rise to a plausible inference of improper motive."  *Id.* at 2368.  A district court's decision about whether or not to order questioning of IRS agents is entitled to deference and reviewed for abuse of discretion unless the decision is based on an incorrect legal standard.  *Id.*  However, the district court's discretion "does not extend to legal issues about what counts as an illicit notice."  *Id.* at 2369.

## II.   ANALYSIS.

Lee filed this action challenging the IRS's authority to issue an FDR at the same time it was pursuing a petition to enforce its summons for the same documents.

I set this case for a scheduling conference on May 21, 2013, after the case was transferred to this district.  The scheduling conference was set to provide counsel with input on how the matter should be structured to obtain a judicial determination of the petition to quash the FDR.  However, at the initial scheduling conference, counsel for both sides advised the court that they were close to resolving the case and had only one issue remaining to resolve.  The court directed counsel to file a proposed stipulation to dismiss no later than June 24, 2013, if they were able to resolve their disputes, or a joint status report detailing their respective positions on any disputed issues that required judicial intervention no later than June 24, 2013.

The parties filed a Joint Status Report (Dkt. #46) on June 24, 2013, and submitted a proposed stipulation to stay proceedings because Judge Navarro had entered a notice of hearing

and order to show cause in the summons enforcement action which, the parties stipulated, sought virtually identical items as the FDR in this case.  The parties advised the court that Lee had produced a large number of documents and the United States still had several document issues with the production, and had requested that Lee appear for an interview as required by the summons.  The parties had agreed that the interview would take place in July.  As a result, Judge Navarro continued the order to show cause hearing in the summons enforcement action until August 13, 2013, to allow Lee to produce any additional responsive documents and appear for the required interview.

The parties' joint status report in this case requested that the court stay this case until after the August 13, 2013, hearing on the order to show cause in the summons enforcement action.  Thereafter, the parties filed multiple status reports from August 14, 2013, through March 7, 2014, as ordered, reporting on the status of the issues which still required resolution, and requesting an extension of a stay so that they could resolve the petition to quash the FDR without the court's intervention.

After months of negotiation, the parties filed a Joint Status Report (Dkt. #61) advising the court that they had "been unable to agree on the wording for a stipulation for dismissal that Lee desires, and which he contends would, protect his interests including with the respect to the use of evidence obtained and the ability to produce evidence later on in any future proceeding."  The stipulation indicated that Lee would be filing a motion within the next thirty days, but that the United States was "unaware as to the basis for any such motion" and would request twenty-one days to file a response.

After negotiations broke down and the parties were unable to agree on the wording of a stipulation for dismissal, Lee filed his second Motion to Stay (Dkt. #62).  He did not seek an adjudication on the merits of his claims that the FDR should be quashed because it was issued in bad faith, for an improper purpose, or was otherwise deficient in any regard.  Rather, his second motion to stay asked the court to stay this FDR dispute action until he could file a civil action for an income tax refund for 2006.  He also suggested that after he filed the 2006 income tax refund

/ / /

case, this FDR dispute action and the summons enforcement action should all be consolidated and decided together.

The United States opposed the stay and consolidation of all three actions, acknowledging that the factual and legal issues in this FDR dispute action and the first-filed summons enforcement action (Case No. 2:12-cv-1994-GMN-PAL) were the same and that they are related cases. The United States objected to consolidating this FDR dispute action with the tax refund case (Case No. 2:14-cv-00606-RCJ-PAL), arguing the two cases do not involve common factual or legal issues. The issue in this FDR dispute action is whether the IRS issued the FDR in good faith. The issue in the tax refund case is whether Lee overpaid his taxes in 2006.

I issued an order to show cause why this action should not be dismissed for the same reasons Judge Navarro granted the government's motion to dismiss the IRS's summons enforcement action. Lee opposes dismissing this case for the same reasons he opposed dismissal of the summons enforcement action. Lee has also filed a motion to reconsider Judge Navarro's decision dismissing the summons enforcement action. Relying on *Church of Scientology v. United States*, 506 U.S. 9 (1992), Lee maintains this action is not moot because the court can provide relief through exclusion of evidence, or order the return or destruction of evidence. Lee argues he may maintain this action, notwithstanding his compliance with the FDR, so that he can prevent the government from using documents, testimony, and derivative leads obtained by summons and the FDR against him in the tax refund case. He also seeks to avoid suppression of documents he did not produce in the summons enforcement action and this petition to quash the FDR in his tax refund case. The United States maintains that this FDR dispute action is now moot because Lee complied with the FDR, and there is no longer a justiciable claim for the court to adjudicate. The United States' Petition to Enforce Summons in Case No. 2:12-cv-1994-GMN-PAL was dismissed November 20, 2014, because Judge Navarro found that because Lee complied with the IRS summons "there is nothing further to prosecute," and dismissal of that case was appropriate. It is undisputed that Lee complied with the FDR he challenges in this action. Counsel for Lee and counsel for the government negotiated about the documents Lee would produce in response to the summons and FDR, Lee produced documents, and the

government notified Lee and the Court it is satisfied Lee has complied with both the summons and FDR.   For the same reason Judge Navarro dismissed the summons enforcement action, there is nothing further to prosecute in this action.   Lee abandoned his efforts to quash the FDR by negotiating with the government on the items he would produce.

Lee's arguments that he involuntarily produced documents lack merit because it is well settled that an IRS summons and FDR are not self-enforcing.  *United States v. Samuels, Kramer & Co.*, 712 F.2d 1342, 1344 (9th Cir. 1983).   Lee was entitled to an adversary proceeding to challenge the FDR on any appropriate ground.  *Cf. Clarke*, 573 U.S. --, 134 S.Ct. at 2365; *United States v. Church of Scientology*, 520 F.2d 818, 821 (9th Cir. 1975).   Only a refusal to comply with an order of the district court subjects a taxpayer to contempt proceedings.  *Donaldson v. United States,* 400 U.S. 517, 528–29 (1971).   Lee had every opportunity to exercise his due process rights to challenge the FDR in an adversarial proceeding, but did not do so even after negotiations broke down on the language of the stipulation to dismiss this case.   Instead of requesting an adversarial hearing on the merits, he requested a stay and consolidation of this FDR dispute action with the summons enforcement action and the 2006 tax refund case.

Lee's reliance on *Church of Scientology v. United States*, 506 U.S. 9 (1992), for the proposition that a case is not moot because the court can provide relief through exclusion of evidence, or order the return or destruction of evidence, is misplaced.  In *Church of Scientology*, the church appealed a district court's order enforcing an IRS summons regarding taped conversations between church officials and attorneys.   In a civil action filed in Los Angeles County Superior Court, the state court ordered its clerk to take custody of the tapes and other documents.   The clerk was served with an IRS summons and the clerk allowed IRS agents to examine and make copies of the tapes.   The church initiated a federal action and obtained a temporary restraining order directing the IRS to file its copies of the tapes and all related notes with the federal court.   The IRS then initiated a proceeding to enforce the summons that had previously been served on the state court clerk.   The church intervened and opposed production of the tapes as privileged.

/ / /

The district court entered an order enforcing the summons and the church filed a timely notice of appeal.  While the appeal was pending in the Ninth Circuit, copies of the tapes were delivered to the IRS.  The Ninth Circuit ordered the church to show cause why its appeal should not be dismissed as moot and later dismissed the appeal.  The Supreme Court reversed the Ninth Circuit holding the case was not moot because "*a district court order* enforcing an IRS summons is an appealable final order." 506 U.S. at 18 (emphasis added).   Similarly, in *United States v. Tanoue*, 94 F.3d 1342, 1344 (9th Cir. 1996), the Ninth Circuit held that an employee's compliance with a district court order compelling him to provide handwriting exemplars during an IRS investigation of his employer did not render his appeal moot.

In this case, Lee elected to negotiate a resolution with the government instead of moving forward with an adversarial hearing challenging the FDR.  This court did not compel Lee to produce anything and there is no district court order enforcing the FDR for Lee to appeal.

The other cases Lee cites in support of his arguments that compliance subject to objections and protest does not constitute a waiver of objections or moot the controversy are similarly inapposite.  All of the cases involve appeals of a trial court's decision to admit evidence over objections.  In each of the cases Lee cites, the litigant tried to minimize the impact of evidence admitted over objection and the appellate courts found the party had not waived its objections by addressing the evidence that had been admitted over objection.  For example, in *Clark v. City of Los Angeles*, 650 F.2d 1033, 1038 (9th Cir. 1981) the trial court admitted a highly prejudicial diary over hearsay objections.  The court found that the appellant had not waived objection to admission of the diary into evidence on appeal by closing arguments which pointed out to the jury what the diary did not contain.  The court reasoned that a party must deal with evidence the jury will consider in closing arguments, including evidence admitted over objection, and doing so did not waive evidentiary issues on appeal.  All of the cases Lee cites stand for the unremarkable proposition that complying with a *judicial* order does not render an objection or issue one has the right to appeal moot.

In this case, there is no ruling quashing or enforcing the FDR for Lee to appeal.  The court need not address the legal effect of Lee's compliance with the FDR issued in this case on

his 2006 tax refund case or on any other pending litigation between Lee and the IRS.  This issue is not before the court.  Lee's negotiated resolution of the documents he would produce in compliance with the FDR leaves nothing further for this court to decide.

For these reasons,

**IT IS RECOMMENDED** that this case be **DISMISSED**.

Dated this 16th day of April, 2015.

_____
Peggy A. Leen
United States Magistrate Judge