**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Theodore F. Lee, | 2:13-cv-00483-JAD-VCF |
|     Plaintiff | **Order Overruling Plaintiff's Objections [ECF 80], Adopting Report and Recommendation [ECF 73], and Dismissing Case** |
| v. | |
| United States of America, | |
|     Defendant | |

Theodore Lee sues the United States to quash a May 31, 2012, IRS Formal Document Request (FDR) seeking records and testimony relating to his 2006 federal tax liability.[1]  Lee argues that the IRS improperly issued the FDR while simultaneously pursuing a petition to enforce an IRS summons for the same records because the two administrative processes are mutually exclusive remedies.  Judge Leen recommends that I dismiss this case as moot because Lee filed this case to quash the FDR but has since produced the requested documents.[2]  Lee objects.  Having reviewed the objected-to portions of Judge Leen's report and recommendation *de novo*, I overrule Lee's objections, adopt Judge Leen's findings and conclusions, and dismiss this case.

**Background**

This is one of three cases filed in this district relating to Lee's 2006 tax liability.[3]  The government filed the first action to enforce a June 7, 2012, IRS summons,[4] Lee then filed this action to quash the May 31, 2012, FDR.  While this action was pending, Lee filed a separate action to

---

[1] ECF 3-2.

[2] ECF 73.

[3] Lee initially filed this case in the Northern District of California because his lawyer accepted service of the FDR in San Francisco.  Judge Jeffrey White transferred the case to this district, where Lee resides.

[4] *United States v. Lee*, 2:12-cv-1994-GMN-PAL.

recover a tax refund for the 2006 tax year.[5]

**A.   Lee's Complaint**

In his amended complaint, Lee alleges that the IRS issued three administrative summonses between March 2012 and June 2012[6] that directed Lee to appear and produce various records relating to his 2006 tax liability.  In May 2012, the IRS also issued an FDR seeking basically the same record production.  Lee alleges that the government "cannot issue IRS summonses for testimony and records and then issue FDR for the same records seeking to suppress the records sought by the IRS administrative summonses and seek testimony.  The remedies are mutually exclusive."[7]

Lee also alleges that the issuance of the FDR in these circumstances "(1) is unreasonable; (2) has been issued in bad faith; (3) reflects adversely upon [the] good faith nature of the examination; (4) is not relevant to the 2006 tax year; (5) is beyond the authority of and the scope of Section 982; (6) fails to explain why already produced documents are not sufficient; (7) reasonable cause exists for production; and (8) taxpayer substantially complied with the FDR."[8]  He contends that the FDR "must be quashed because United States has demanded records previously received without explanation as why these records were insufficient."[9]  Lee then pleads some specific facts and defenses to the FDR item by item.[10]  He requests various orders from this court, including an order quashing the FDR and an injunction barring its enforcement.

**B.   Procedural History**

On June 25, 2013, the parties filed a stipulation to stay the proceedings in this case pending Chief Judge Gloria Navarro's ruling on the government's petition for an order to show cause in the

---

[5] *Lee v. United States*, 2:14-cv-00606-RCJ-PAL.

[6] ECF 3 at ¶¶ 10–12.

[7] *Id.* at ¶15.

[8] *Id.* at ¶ 16.

[9] *Id.* at ¶ 20.

[10] *Id.* 4–26.

summons-enforcement action.[11]  Because the document requests in both cases are nearly identical, the parties represented that resolution of the order to show cause proceedings in the summons-enforcement case would likely resolve the document-production issues in this matter.[12]  Between August 2013 and March 2014, Judge Leen extended the stay four times based on the parties' joint representations that outstanding document production issues in the summons-enforcement case would likely resolve production issues in this case and that the parties were close to reaching an agreement.[13]  At the end of March 2014, Lee filed a motion to continue to stay the proceedings until he could file a tax-refund action and requested that the court consolidate (1) the summons-enforcement action (2) this case, and (3) the civil-refund case, once filed.[14]

On November 20, 2014, over Lee's objection, Judge Navarro granted the government's motion to dismiss its petition in the summons-enforcement action.  Judge Navarro reasoned that, because Lee had complied with the IRS summons, there was nothing further to prosecute.[15]  Lee urged Judge Navarro to reconsider, contending that, although he complied with the IRS summons, he did so under protest and thus did not waive his right to challenge enforcement of the summons.  Judge Navarro affirmed her previous order, explaining that, because IRS summonses are not self-enforcing and require federal court actions to compel compliance, Lee mooted the case when he voluntarily complied with the summons.[16]  She reiterated that Lee did not have to comply with the IRS summons until, and only if, this court ordered him to do so; instead, he voluntarily complied.[17]

---

[11] ECF 47.

[12] *Id.* at 2.

[13] ECF 51, 55, 58, 60.

[14] ECF 62.

[15] ECF 61.

[16] ECF 67 at 4–5.

[17] *Id.*

**C.      Order to Show Cause**

Shortly after Judge Navarro's order dismissing the summons-enforcement case, Judge Leen denied Lee's motion to stay and his request to consolidate.  She also ordered Lee to show cause why this action should not be dismissed for the same reasons Judge Navarro dismissed the summons-enforcement case.[18]

In response, Lee argues that this action is not moot, despite his compliance with the FDR, because he seeks to prevent the government from using the documents and other evidence he produced in response to the summons and the FDR against him in both the tax-refund case pending in this district and a case pending in the U.S. Tax Court.  Lee also requests that this case be reassigned to Judge Jones, who has been assigned the tax-refund case, so that Judge Jones can decide how these two cases can proceed including the exclusion and suppression of the evidence obtained.[19]

The government responds that dismissal is proper because Lee voluntarily complied with the FDR instead of going forward with his amended complaint and requesting that the court rule on his objections to the FDR.  Because Lee voluntarily complied with the FDR and has represented that he has no further responsive documents, Lee has waived his right to challenge the FDR and the case is moot.  The government also argues that Lee has mislead the government and the court into believing that he wanted to comply with the FDR, causing the government to agree to multiple continuances that delayed a ruling on the FDR for more than a year.

**D.      Report and Recommendation**

Judge Leen concluded that this case is moot for the same reasons that Judge Navarro found the summons-enforcement action was moot: Lee's negotiated resolution of the documents he would produce in compliance with the FDR, like his negotiated resolution of the documents he would produce in compliance with the summons, leaves nothing further for this court to decide.  In this case, like in the summons-enforcement action, counsel for Lee and counsel for the government negotiated about the documents Lee would produce, Lee produced the documents, and the

---

[18] ECF 69.

[19] *See* ECF 72 at 2.

government notified Lee and the court that it is satisfied that Lee has complied by producing the requested records.[20]  Thus, there is nothing further to prosecute.  Judge Leen also concluded that the admissibility of the produced documents in Lee's tax-refund case or any other pending litigation between Lee and the IRS does not solve Lee's mootness problem because that issue is not before this court.[21]

Judge Leen also rejected Lee's argument that he involuntarily produced documents in response to the FDR because, like an IRS summons, an FDR is not self-enforcing.[22]  Instead of requesting an adversarial hearing on the merits to determine the validity of the FDR, Lee requested multiple stays and consolidation of this case with the summons-enforcement action and the tax-refund case and negotiated extensively with the government about what documents to produce.

**Discussion**

**A.    Standards of Review**

A district court reviews objections to a magistrate judge's proposed findings and recommendations *de novo*.[23]  "The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions."[24]  The standard of review applied to the unobjected-to portions of the report and recommendation is left to the district judge's discretion.[25]  Local Rule IB 3-2(b) requires *de novo* consideration of specific

---

[20] ECF 73 at 15.

[21] *Id.* at 17–18.

[22] *Id.* at 16.

[23] *Id.*

[24] *Id.*

[25] *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121–22 (9th Cir. 2003) (a "district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise.") (emphasis in original).

1  objections only.[26]

2  **B.    26 USC § 982**

3      If a taxpayer fails to substantially comply with any formal document request within 90 days

4  of the mailing of the request, 26 USC § 982 precludes the taxpayer, upon motion by the government,

5  from introducing documents covered by the FDR in any subsequent civil proceeding concerning the

6  tax treatment of an examined item.[27]  The statute also creates a "[r]easonable cause exception" to the

7  general rule, which permits a taxpayer to introduce the withheld documents in a later proceeding if

8  he can establish reasonable cause for failure to provide the requested documentation.[28]  Alternatively,

9  the taxpayer may begin a proceeding to quash the FDR within 90 days of its mailing.[29]  The 90-day

10  deadline to comply with the FDR is suspended during a proceeding to quash.[30]

11  **C.    This case is moot because Lee has substantially complied with the FDR.**

12      I agree with Judge Leen's conclusion that Lee abandoned his efforts to quash the FDR by

13  negotiating with the government on the items that he would produce and satisfactorily producing

14  those items.[31]  Lee's argument that he did not produce the documents voluntarily because he was

15  *compelled* to produce them is belied by the fact that § 982 is not self-enforcing.  And Lee could have

16  awaited the resolution of this case on the merits to determine the validity of the FDR without risking

17  the penalty of having unproduced documents excluded from a later civil action because the 90-day

18  deadline to disclose the pending documents is suspended during any civil proceeding to quash the

19

20

21  [26] *See* Nevada L.R. IB 3-2(b) (requiring *de novo* consideration of specific objections only); *Carillo v.*
22  *Cate,* 2009 WL 2575888, at *1 (S.D. Cal. Aug. 17, 2009) (noting that "generalized objections" do
23  not require *de novo* review).

24  [27] 28 USC § 982(a).

25  [28] 28 USC  § 982(b)(1).

26  [29] 28 USC § 982(c)(2)(A).

27  [30] 28 USC § 982(2)(C).

28  [31] ECF 73 at 16.

FDR.[32]  Lee's assertions that "[a]ll productions were involuntary, compelled by the document demand under an existing statutory penalty of suppression . . ."[33] and that "[t]he Magistrate [ ] overlooked that any failure to produce under the Section 982 demand results in automatic suppression"[34] are thus wholly without merit because Lee faced no disclosure deadline while this case was pending.  He could have waited until the resolution of this case to make any productions without facing any penalty at all.  Finally, I agree with Judge Leen that the admissibility of any records disclosed or withheld by Lee in any subsequent civil proceeding is not an issue properly before this court and does not solve Lee's mootness problem.

### Conclusion

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that the Magistrate Judge's Report and Recommendation **[ECF 73]** is **ADOPTED.**

IT IS FURTHER ORDERED that plaintiff's objections **[ECF 80]** are **OVERRULED.**

IT IS FURTHER ORDERED that this action is **DISMISSED** as moot.  The Clerk of Court is instructed to **CLOSE THIS CASE.**

Dated this 24th day of November, 2015

_____
Jennifer A. Dorsey
United States District Judge.

---

[32] 28 USC § 982(2)(C).

[33] ECF 80 at 3.

[34] *Id.* at 5.